UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCIS J. SERIGNY (#108190)** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-727-BAJ-EWD** |
| **JAMES M. LeBLANC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS J. SERIGNY (#108190)            CIVIL ACTION NO.

VERSUS            20-727-BAJ-EWD

JAMES M. LeBLANC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Francis J. Serigny ("Plaintiff"), who is representing himself and is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims against James M. LeBlanc and Sheryl M. Ranatza (collectively "Defendants") be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

### I. Background

Plaintiff instituted this action against Defendants pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights in connection with his September 22, 2020 parole hearing.[1] Plaintiff seeks monetary relief.[2]

### II. Law & Analysis

#### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. §

---

[1] R. Doc. 1-2.
[2] R. Doc. 1-2, p. 8.

1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.³ Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"⁴ A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."⁵ The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.⁶ Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.⁷

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.⁸ The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.⁹ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"¹⁰ This

---

³ Plaintiff was granted permission to proceed *in forma pauperis* on October 29, 2020.  R. Doc. 3. Accordingly, both statutes apply.
⁴ *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
⁵ *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
⁶ *Denton,* 504 U.S. at 32.
⁷ *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
⁸ *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
⁹ *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
¹⁰ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

mean the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

### B. Plaintiff Cannot State A Due Process Claim as to His Parole Proceedings

Plaintiff complains that he was denied due process in his parole proceedings.[13] Plaintiff's complaints regarding the procedures employed during parole proceedings are subject to dismissal as frivolous.[14] Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release and, thus, prisoners are not entitled to bring a Due Process challenge regarding the procedures employed during their parole hearings.[15]

---

[11] *Id.*
[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[13] Plaintiff specifically complains that at his parole hearing on September 22, 2020, victim opposition testimony included comments regarding charges from previous crimes that do not form the basis of his current incarceration. R. Doc. 1-2, p. 3. Plaintiff also complains that, in parole proceedings, "[a]ll the fairness and objectivity appears to have been lost." R. Doc. 1-2, p. 4.
[14] Plaintiff has not provided any indication that he is making any type of challenge, such as an *ex post facto* challenge, that may warrant additional consideration. Rather, it appears Plaintiff is simply complaining about the procedures utilized in his parole proceedings. Even if Plaintiff tried to amend to assert additional claims based on these facts, the claims would be subject to dismissal, as Plaintiff admits he did not exhaust administrative remedies prior to initiating suit. *(see* R. Doc. 1, p. 3), which is mandatory. *See* 42 U.S.C. § 1997e ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Though Plaintiff appears to be under the impression that he is not required to exhaust administrative remedies with respect to claims regarding parole proceedings (R. Doc. 1, p. 3), this is incorrect, as 42 U.S.C. § 1997e is applicable to parole proceedings. *See Ondek v. Ranatza*, No. 16-725, 2018 WL 1370601, at *4-5 (M.D. La. March 16, 2018).
[15] *See, e.g., Sinclair v. Ward*, 205 F.3d 1338, 1338 (5th Cir. 1999); *Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060, 1060 (5th Cir. 2001); *Lennon v. Louisiana State Parole Bd.*, No. 11-486, 2012 WL 528178, at *2 (M.D. La. Jan. 24, 2012) ("It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause.").

To the extent Plaintiff complains that he has not received a copy of the parole proceedings[16] and that this denial of access to public records constitutes a denial of due process,[17] this claim fares no better. Plaintiff does not point to any provision of Louisiana law that entitles him to a transcript of his parole proceedings, nor has the undersigned found such a statute;[18] thus, it is not possible for Plaintiff to establish a due process violation based on not receiving a copy of the transcript from his parole proceedings.[19]

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. Having recommended that the plaintiff's federal claims be dismissed, it is further recommended that the Court decline the exercise of supplemental jurisdiction.

---

[16] R. Doc. 1-2, p. 5.

[17] R. Doc. 1-2, p. 6.

[18] Although generally any person over 18 years old may inspect, copy, reproduce or obtain a copy of any public record, under the Louisiana Public Records Act, La. R.S. 41:1, *et seq.*, Plaintiff would not be entitled to a copy of the parole hearing transcript as it is not related to the grounds upon which he could file for post-conviction relief. *See* La. Stat. Ann. § 44:31.1 ("For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post-conviction relief under Code of Criminal Procedure Article 930.3.").

[19] *See Nicholson v. Fischer*, No. 13-6072G, 2013 WL 12423801, at *8 (W.D.N.Y. July 25, 2013) (dismissing as frivolous due process claim relating to the failure to provide minutes of parole hearing). To the extent Plaintiff is attempting to allege that the failure to provide a transcript of his parole proceedings has somehow interfered with his right of access to the courts, such a claim also fails. *See, e.g., Hrynko v. Crawford*, 402 F.Supp. 1083, 1087 (E.D. Pa. Oct. 28, 1975) (because a verbatim transcript of parole proceedings is not required to gain access to the courts, the failure to provide a transcript cannot form the basis of an access to the courts claim). This claim is also subject to dismissal on the alternative basis that Plaintiff failed to exhaust administrative remedies. *See supra* n. 14.

### D. Plaintiff Should Not Be Given Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[20]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case,"[21] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[22]

Here, Plaintiff has not pled any facts to indicate that an effort to amend these claims would cure the deficiencies outlined in this Report as any amendment consistent with the facts of his Complaint would be legally frivolous and/or unexhausted.[23]  Accordingly, this Complaint should be dismissed without leave to amend.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, that Plaintiff's claims against James M. LeBlanc and Sheryl M. Ranatza be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.[24]

---

[20] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[21] *Id.*
[22] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[23] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (a district court may dismiss a case for failure to state a claim based on failure to exhaust on the court's own motion "if the complaint itself makes clear that the prisoner failed to exhaust.").
[24] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.

**ORDER**

Considering the above recommendation, **IT IS ORDERED** that Plaintiff's Motion to Answer Complaint[25] and Motion with an Order to Schedule a Jury Trial[26] are **DENIED** without prejudice to refiling if the above recommendation is not adopted.

Signed in Baton Rouge, Louisiana, on April 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] R. Doc. 4.
[26] R. Doc. 5.